UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH R. PARKS, | ) |
| | ) No. CV-09-3026-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on December 28, 2009. (Ct. Rec. 13, 16.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Stephanie Martz represents the Commissioner of Social Security. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) Plaintiff filed a reply on November 24, 2009. (Ct. Rec. 18.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13).

### JURISDICTION

Plaintiff protectively filed an application for supplemental security income (SSI) benefits on October 7, 2005, alleging disability as of January 1, 2002 (Tr. 60-62, 84), meaning plaintiff had to establish disability beginning on her application

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 1 -

date of October 7, 2005 (Tr. 13).  The applications were denied
initially and on reconsideration (Tr. 31-32, 34-37).

     Administrative Law Judge (ALJ) R. J. Payne held a hearing
July 16, 2008.  Plaintiff, represented by counsel, and Robert
Karsh, M.D., testified (Tr. 458-490).  On August 25, 2008, the ALJ
issued an unfavorable decision (Tr. 13-22).  The Appeals Council
denied review on January 30, 2009 (Tr. 2-6).  Therefore, the ALJ's
decision became the final decision of the Commissioner, which is
appealable to the district court pursuant to 42 U.S.C. § 405(g).
Plaintiff filed this action for judicial review pursuant to 42
U.S.C. § 405(g) on February 26, 2009. (Ct. Rec. 1,4.)

<strong>STATEMENT OF FACTS</strong>

     The facts have been presented in the administrative hearing
transcripts, the ALJ's decision, the briefs of both Plaintiff and
the Commissioner, and are summarized here.

     Plaintiff was 47 years old when she filed her application.
She has a tenth (Tr. 470) or eleventh (Tr. 69) grade education and
has not earned a GED (Tr. 471).  Plaintiff has worked at a bank as
a title clerk, payment processor, and in customer service; she has
also worked as a phone solicitor, data entry clerk, and file clerk
(Tr. 88-92, 479, 481-483).  Plaintiff  lives with an aunt (Tr.
477).  She can walk two blocks but it takes 15 minutes (Tr. 474).
She dusts, vacuums, does laundry, cooks, shops, sews, goes on
walks and visits friends (Tr. 485-488).

<strong>SEQUENTIAL EVALUATION PROCESS</strong>

     The Social Security Act (the "Act") defines "disability"
as the "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to

preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

1 | Cir. 1984).

2 | **STANDARD OF REVIEW**

3 | Congress has provided a limited scope of judicial review of a

4 | Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold

5 | the Commissioner's decision, made through an ALJ, when the

6 | determination is not based on legal error and is supported by

7 | substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

8 | (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

9 | 1999).  "The [Commissioner's] determination that a plaintiff is

10 | not disabled will be upheld if the findings of fact are supported

11 | by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572

12 | (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence

13 | is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

14 | 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.

15 | *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

16 | *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

17 | 573, 576 (9th Cir. 1988).  Substantial evidence "means such

18 | evidence as a reasonable mind might accept as adequate to support

19 | a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

20 | (citations omitted).  "[S]uch inferences and conclusions as the

21 | [Commissioner] may reasonably draw from the evidence" will also be

22 | upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

23 | On review, the Court considers the record as a whole, not just the

24 | evidence supporting the decision of the Commissioner.  *Weetman v.*

25 | *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.*

26 | *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

27 | It is the role of the trier of fact, not this Court, to

28 |

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 5 -

resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

At step one the ALJ found plaintiff has not engaged in substantial gainful activity since onset (Tr. 15).  At steps two and three, he found plaintiff suffers from cerebral vascular accident, hypertension, diabetes mellitus, and ovarian cancer, impairments that are severe but which do not alone or in combination meet or medically equal a Listing impairment  (Tr. 15-16).  In making the step three finding, the ALJ relied in part on the medical expert's testimony.  The ALJ found plaintiff less than completely credible (Tr. 18-20).  At step four, he found plaintiff is able to perform past relevant work as a customer service representative, data entry clerk, telephone solicitor, and "referral clerk, temporary help" (Tr. 20-21), and is therefore not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 6 -

1  disabled.  At step five, relying on the Medical-Vocational

2  Guidelines, the ALJ alternatively found because plaintiff could

3  perform other work at jobs existing in sufficient numbers, she was

4  not disabled.  Accordingly, he found plaintiff is not disabled as

5  defined by the Social Security Act (Tr. 21-22).

6                              **ISSUES**

7       Plaintiff contends the Commissioner erred as a matter of law

8  by failing to fully develop the record, weigh the medical evidence

9  and assess credibility, and make proper determinations at steps

10  four and five (Ct. Rec. 14 at 7).  The Commissioner responds the

11  ALJ performed each task appropriately and asks the Court to affirm

12  his decision (Ct. Rec. 17 at 2).

13      **DISCUSSION**

14  **A. Weighing medical evidence**

15      In social security proceedings, the claimant must prove the

16  existence of a physical or mental impairment by providing medical

17  evidence consisting of signs, symptoms, and laboratory findings;

18  the claimant's own statement of symptoms alone will not suffice.

19  20 C.F.R. § 416.908.  The effects of all symptoms must be

20  evaluated on the basis of a medically determinable impairment

21  which can be shown to be the cause of the symptoms. 20 C.F.R. §

22  416.929.  Once medical evidence of an underlying impairment has

23  been shown, medical findings are not required to support the

24  alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d

25  341, 345 (9th Cr. 1991).

26      A treating physician's opinion is given special weight

27  because of familiarity with the claimant and the claimant's

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 7 -

physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff alleges the ALJ failed to properly credit the November 29, 2005, opinion of treating doctor Nathaniel Davenport, M.D., regarding plaintiff's complaints of urinary incontinence

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 8 -

(Tr. 174-175).  With respect to mental impairments, she alleges the ALJ misread and erroneously failed to adopt the limitations of examining therapist Dick Moen, MSW, on August 15, 2008 (Tr. 446-448) (Ct. Rec. 14 at 5-7).  The Commissioner responds (1) Dr. Davenport did not assess any limitations related to urinary incontinence; (2) the ALJ fully considered the record of Dr. Davenport's examination; and (3) the ALJ gave specific and legitimate reasons for rejecting Mr. Moen's assessed limitations (Ct. Rec. 17 at 7-8).

<u>Dr. Davenport</u>    Dr. Davenport's "opinion" allegedly improperly rejected by the ALJ is the record of Ms. Parks' first appointment with him on November 29, 2005, about six weeks after onset. He notes plaintiff's daughter accompanied her to the appointment. Plaintiff complained of urinary incontinence (Tr. 174).  Dr. Davenport noted plaintiff was currently undergoing treatment for ovarian cancer[1]. She was concerned because her current symptoms were the same as those she experienced when first diagnosed with ovarian cancer (Id.) Dr. Davenport notes plaintiff complained of these symptoms in the ER "last Thursday."  At that time urinalysis was done and antibiotics prescribed.  Plaintiff's daughter told Dr. Davenport her mother did not have an infection (Tr. 174-175).  Plaintiff felt the antibiotics did not improve her symptoms.  Dr. Davenport notes plaintiff's bladder felt slightly enlarged but he detected no masses.  Unsure of the cause of the

---

[1]The ME opined Ms. Parks was disabled from the date of surgery, a total abdominal hysterectomy and oopherectomy (9/16/05), until she completed chemotherapy (5/30/06), but this did not meet the 12 month requirement (Tr. 463, 469).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 9 -

problem, he ordered an ultrasound (Tr. 175).

More than two years after seeing Dr. Davenport, plaintiff testified she has problems with urinary incontinence 2-3 times daily (Tr. 473).

The ALJ found plaintiff's symptoms of urinary incontinence would cause no more than minimal limitation because (1) an ER physician diagnosed a urinary tract infection (UTI) and prescribed antibiotics on November 24, 2005 (Tr. 15, referring to Tr. 175); (2) after Dr. Davenport's referral, plaintiff's ultrasound in December of 2005 was normal (Tr. 15, referring to Tr. 176); and (3) after the ultrasound, plaintiff did not complain to her doctors of urinary incontinence again (Tr. 15).

In a rather misleading effort to show the problem was ongoing, plaintiff cites a note by treating physician Vicky Jones, M.D. (Ct. Rec. 14 at 13, 18 at 5, both citing Tr. 152). Plaintiff complained to Dr. Jones of "stress urinary incontinence," but the record is dated October 17, 2005 -- more than a month before Ms. Parks sought treatment in the ER (Tr. 152). The only additional record of complaints of urinary incontinence the Court finds is Dr. Boppa's January 9, 2006, reference to plaintiff's *prior* problem of urinary incontinence (Tr. 174). The ALJ is correct plaintiff fails to show this is a severe impairment (Tr. 15).

Mr. Moen   In August of 2008, almost three years after onset, Mr. Moen assessed a marked limitation due to physical complaints. He assessed moderate limitations due to depressed mood, the ability to respond appropriately to the pressures of a normal work setting, and cognitive functioning in five areas (Tr. 447-448). Mr. Moen diagnosed depressive disorder, nos, and amphetamine abuse

"in sustained full remission" for eighteen months (Tr. 447).  He
opined plaintiff "is still not physically able to work," and,
while "[w]e could help with the depression," the "physical health
issues are much more of a problem" (Tr. 448-449).  At the time of
this assessment, plaintiff was not receiving mental health
treatment (Tr. 449).

    The ALJ rejected the assessed limitations for multiple
reasons, including: (1) the opinion appeared based largely on
plaintiff's self-report, which the ALJ found unreliable [see
below]; (2) although plaintiff was referred to mental health
treatment, she never went; (3) plaintiff takes no psychotropic
medication; and (4) there is no evidence any mental impairment
caused more than minimal limitations on functioning or lasted
twelve months as required (Tr. 15-16).

    Each is specific, legitimate and supported by substantial
evidence.  Because Mr. Moen offered no clinical findings to
support his conclusion, the ALJ properly inferred his {Moen's}
opinion was based on plaintiff's own reports.  When a claimant's
credibility has been permissibly discounted, the ALJ may disregard
an opinion based on subjective complaints and on testing within
the claimant's control.  *See Schultz v. Astrue*, 2010 WL 106824
(9th Cir. No. 09-36047), citing *Tonapetyan v. Halter*, 242 F.3d
1144, 1149 (9th Cir. 2001).

    On October 31, 2005, Dr. Jones indicated plaintiff has an
appointment with mental health next week (Tr. 150).  On January 5,
2006, she again noted plaintiff has an appointment with mental
health next week (Tr. 152).  There is no record plaintiff went to
a mental health appointment, as the ALJ accurately points out.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 11 -

The ALJ observes plaintiff testified she does not take psychotropic medication and is not receiving any mental health treatment (Tr. 15, referring to Tr. 488), factors an ALJ may properly rely on when assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(noncompliance with medical care or unexplained or improperly explained reasons for failing to seek medical treatment casts doubt on subjective complaints).

And, as the ALJ correctly observes, plaintiff fails to show any mental limitation existed for the requisite 12 months (Tr. 16). The ALJ properly rejected Mr. Moen's assessed limitations. Plaintiff fails to present objective evidence she suffers more than minimal limitations due to anxiety and depression (Tr. 15-16).

Plaintiff alleges the ALJ erred by failing to properly develop the record with respect to mental impairments (Ct. Rec. 14 at 10-12) because he did not refer her for a consultative exam, including cognitive testing. At the end of the hearing the ALJ indicated he would take the matter of referral under advisement (Tr. 489-490).

The Commissioner has broad latitude whether to order consultative examinations. *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). When the record is clear on a determinative issue, the ALJ is not required to consult a psychological expert. *See Armstrong v. Comm. of Soc. Sec.*, 160 F.3d 587, 589 (9th Cir. 1998).

To aid in weighing the conflicting medical evidence, including Mr. Moen's contradicted opinion, the ALJ evaluated

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 12 -

plaintiff's credibility and found her less than fully credible
(Tr. 18-20).  Credibility determinations bear on evaluations of
medical evidence when an ALJ is presented with conflicting medical
opinions or inconsistency between a claimant's subjective
complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F.
3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility
determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir.
1995).  However, the ALJ's findings must be supported by specific
cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th
Cir. 1990).  Once the claimant produces medical evidence of an
underlying medical impairment, the ALJ may not discredit testimony
as to the severity of an impairment because it is unsupported by
medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir.
1998).  Absent affirmative evidence of malingering, the ALJ's
reasons for rejecting the claimant's testimony must be "clear and
convincing."  *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).
"General findings are insufficient: rather the ALJ must identify
what testimony not credible and what evidence undermines the
claimant's complaints."  *Lester*, 81 F. 3d at 834; *Dodrill v.
Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when assessing credibility.
On April 20, 2006 (six months after onset), treating physician
Swapna Bobba, M.D., described plaintiff as "well known to me" and
*encouraged her to go back to work* (Tr. 119-120)(italics added).
As the ALJ observes, Dr. Boppa believed plaintiff was capable of
employment.  Contradiction with the medical record is a sufficient
basis for rejecting the claimant's subjective testimony.

*Carmickle v. Comm. of Soc. Security*, 553 F.3d 1155, 1161 (9th Cir. 2008), *citing Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).  The ALJ's reason is clear, convincing and supported by substantial evidence.

The ALJ observes plaintiff's admitted activities of cooking, sewing, shopping, laundry, vacuuming, and visiting friends are inconsistent with her claimed limitations (Tr. 18-19, 97-98, 100). Plaintiff testified she has numbness in her fingers and hands, causing her to frequently drop things; urinary incontinence 2-3 times daily; low energy; her legs "bind up" when she walks a half block, forcing her to stop for a few minutes; and, for three years, she has been unable to make dream catchers because her hands "won't handle the threads right" and she is unable to pull the threads tightly enough (Tr. 472-475).

Shortly after onset plaintiff reported she could walk two blocks before needing to rest for five minutes (Tr. 101).  In March of 2006, five months post onset, Dr. Jones noted plaintiff planned to go to California for a month (Tr. 144).

The ALJ points out plaintiff's ability to sew is inconsistent with claimed numbness in her fingers and hands. The ALJ's reason is clear, convincing, and supported by substantial evidence. *See Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)(proper to discredit testimony based on inconsistency with reported daily activities).

Plaintiff's claims of blurred vision, among others, are not supported by medical documentation, as the ALJ correctly observes (Tr. 18, referring to testifying expert Dr. Karsh's testimony at Tr. 464-465,468).  The Commissioner notes claimed limitations

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 14 -

1  contradicted or unsupported by medical evidence is a factor

2  relevant to determining credibility, although it cannot be the

3  sole factor (Ct. Rec. 17 at 10-11).  The Commissioner is correct.

4  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

5      Plaintiff argues the ALJ improperly relied on speculation

6  rather than evidence twice when he assessed credibility.  The ALJ

7  noted the "state would not have discontinued her benefits [after

8  cancer treatment was completed in May of 2006] if the claimant

9  continued to have a disabling impairment" and plaintiff's

10 "complaint of tiredness is likely related to her chemotherapy and

11 that should have resolved" (Ct. Rec. 14 at 16, referring to Tr.

12 19).  Any error by the ALJ in relying on the state's reasons for

13 terminating benefits when he assessed credibility is harmless

14 because the ALJ's remaining reasoning and ultimate credibility

15 determination are adequately supported by substantial evidence in

16 the record. *See Carmickle*, 533 F.3d at 1162.  With respect to the

17 ALJ's second allegedly speculative reason, the Court finds, while

18 the statement could be clearer, the ALJ's reason is fully

19 supported by the medical evidence.  Dr. Boppa's opinion in April

20 of 2006 that plaintiff's limitations due to chemotherapy had

21 subsided and she should look for work fully supports the ALJ's

22 reasoning.  The ALJ is entitled to draw reasonable references from

23 the record.  *Tommasetti*, 533 F.3d at 1040.

24     The ALJ's reasons for finding plaintiff less than fully

25 credible are clear, convincing, and fully supported by the record.

26 *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir.

27 2002)(proper factors include inconsistencies in plaintiff's

28 statements, inconsistencies between statements and conduct, and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 15 -

extent of daily activities).  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ considered the entire record when he weighed plaintiff's credibility and evaluated Mr. Moen's 2008 opinion. Plaintiff alleges the ALJ erred when he assessed no severe mental impairment based on the lack of cognitive test results, and by misconstruing Mr. Moen's report as opining cognitive limitations may be the result of amphetamine abuse (Ct. Rec. 14 at 12).  The parties agree Mr. Moen does not indicate DAA may cause plaintiff's cognitive limitations.

The ALJ's other reasons for rejecting the contradicted opinion of examining therapist Mr. Moen are, however, free of error and supported by substantial evidence.  The ALJ rejected Mr. Moen's assessed limitations in favor of the opinion of Dr. Bobba, plaintiff's long time treating physician.  More weight is given to a treating physician than to an examining physician. *Lester v. Chater*, 81 F. 3d 821, 830 (9th Cir. 1995).  This reason alone is specific, legitimate, and fully supported by the evidence.  Any error resulting from the ALJ relying on the lack of cognitive test results and misreading a portion of Mr. Moen's report is harmless, because the ALJ's other reasons are free of harmful legal error and fully supported by the evidence.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the

trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of the opinion of Mr. Moen, of the medical and other evidence, including plaintiff's credibility, is supported by the record and free of legal error. Citing *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996), plaintiff argues the ALJ could not rely on plaintiff's failure to seek mental health treatment as a legitimate reason for finding "her symptoms must not be significant" (Ct. Rec. 14 at 11).

*Nguyen* is distinguishable. Plaintiff's repeated failure to keep mental health appointments after referral by her treating physician is probative of the lack of severity of the condition, as is plaintiff's medication history. Ten days after onset, plaintiff told Dr. Jones she was treated for depression 3-4 years earlier with antidepressants (Tr. 152). At the next appointment, plaintiff said she took paxil for depression briefly in the past (Tr. 151). Unlike the plaintiff in *Nguyen*, it is obvious Ms. Parks was familiar with psychotropic treatment for depression because she had undergone it in the past. At the hearing plaintiff testified she was not taking antidepressants, nor was she receiving mental health treatment (Tr. 488).

The ALJ's reasons for rejecting Mr. Moen's assessment are specific, legitimate and supported by the record. Because the ALJ properly weighed the medical and credibility evidence, plaintiff's

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 17 -

second claim, improperly weighing the evidence (Ct. Rec. 14 at 7, 12-16), fails.

Unless the record is ambiguous or insufficient for making a determination, further development by the ALJ is not required. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  The record is sufficient to determine disability; accordingly, plaintiff's first claim of failing to fully develop the record fails.

**B. Steps four and five**

Plaintiff alleges the ALJ's step four analysis is flawed (Ct. Rec. 14 at 7, 16-19) because his RFC for a full range of light work is incomplete.  Plaintiff restates her first two claims, alleging if these errors had not occurred, the ALJ would have assigned a more limited RFC.  As noted, the Court finds no harmful error in these determinations.

Plaintiff alleges the ALJ failed to (a) properly assess her RFC, (b) make specific findings "regarding the physical and mental demands" of her past relevant work, and (c) compare (a) and (b) to determine whether she can still perform that past work (Ct. Rec. 14 at 17-18).  Plaintiff notes the ALJ indicated he relied on the VE's testimony in making this assessment, but no VE testified at the hearing (Ct. Rec. 14 at 19).  According to the Commissioner, any error is harmless because the ALJ cited the DOT jobs comprising plaintiff's past relevant work by name and occupational code number as required, all past jobs are classified as no more than light exertion, and her RFC contains no mental (non-exertional) limitations requiring a VE's testimony (Ct. Rec. 17 at 14-18).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 18 -

The Commissioner is correct.  The ALJ's error in mistakenly referring to a VE's testimony is harmless because the record fully supports the ALJ's determination that plaintiff's RFC for a full range of light work enables her to perform past relevant work.  At step four the ALJ found plaintiff can perform past work as a customer service representative (Tr. 20, citing DOT 205.362-026, light, skilled); data entry clerk (*Id.*, citing DOT  203.582-054, sedentary, semi-skilled); telephone solicitor (*Id.*, citing DOT 299.357-014, semi-skilled, sedentary); and referral clerk, temporary help (*Id.*, citing DOT 205.367-062).

Plaintiff's assignment of error at step four is based on what appears to be a typographical error referencing a non-existent VE's testimony.  As the Commissioner accurately observes, plaintiff bears the burden at step four of proving she cannot perform her past work "either as actually performed or as generally performed in the national economy" (Ct. Rec. 17 at 16, citing *Carmickle*, 533 F.3d at 1166 (additional citation omitted). The ALJ satisfied his duty to make specific factual findings as to the demands of plaintiff's past work by citing the DOT occupational codes, "the best source of how a job is generally performed." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir 2001). In addition, plaintiff's descriptions of her past work as she performed it do not exceed the assessed RFC for the full range of light work (Tr. 89-92).

Significantly, the ALJ assessed purely exertional limitations.  None of the cases plaintiff cites as requiring a VE's testimony (Ct. Recs. 14 at 19, 18 at 9-10) involve an RFC for purely exertional limitations; accordingly, the cases do not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 19 -

support plaintiff's argument.

At his alternative step five finding, the ALJ relied on Medical-Vocational Rule 202.11 in finding plaintiff not disabled. Plaintiff alleges significant non-exertional (mental) limitations required the ALJ to obtain a VE's testimony (Ct. Rec. 14 at 7, 19-20).

Plaintiff is incorrect.  As noted, the ALJ's finding plaintiff suffers no more than minimal mental limitations is without harmful error and fully supported by the evidence.  In addition, there are two ways the Commissioner can meet his burden at step five: (1) obtaining the testimony of a VE; or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001), citing *Tackett v. Apfel*, 180 F.3d 1094, 1100-1101 (9th Cir. 1999).  Where the claimant has significant non-exertional impairments, however, the ALJ cannot rely on the Guidelines. *Osenbrock*, 240 F.3d at 1162, relying on *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 567-577 (9th Cir. 1998).  Because the ALJ found plaintiff suffered only exertional impairments, he properly relied on the Guidelines and was not required to obtain a VE's testimony.

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

1   **DENIED.**

2        The District Court Executive is directed to file this Order,

3   provide copies to counsel for Plaintiff and Defendant, enter

4   judgment in favor of Defendant, and **CLOSE** this file.

5        DATED this 29th day of January, 2010.

6                                   s/ James P. Hutton
                                  JAMES P. HUTTON
7                           UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 21 -